# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**STEVEN MICHAEL AITKEN,**
**D.O.C. # 121338,**

    **Plaintiff,**

**vs.**                           **Case No.  4:22cv122-AW-MAF**

**MR. CONNER**
**and MR. R. DIXON,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a handwritten document entitled "emergency habeas corpus petition," ECF No. 1, to this Court on March 21, 2022.  Upon review, it was noted that Plaintiff had not requested habeas relief but, instead, he was seeking a protective order.  ECF No. 1 at 2.  Plaintiff claimed that he needed protection, and said that "employee misconduct" had "incited other prisoners to harm/sexually assault" him.  *Id.* at 1-2.

An Order was entered on March 24, 2022, advising Plaintiff that babeas corpus was the exclusive remedy for a prisoner who challenges

"the fact or duration of his confinement" and was seeking immediate or speedier release. ECF No. 3. However, when a prisoner challenges the conditions of his confinement and his treatment by prison officials, such a claim is brought pursuant to 42 U.S.C. § 1983 and the filing of a civil rights complaint. *Id.* Therefore, Plaintiff was informed that this case must necessarily be deemed to be a civil rights case and not a habeas petition, and Plaintiff was required to either pay the filing fee or file an in forma pauperis motion by **April 25, 2022**. *Id.* If Plaintiff did not want to proceed with this case, he was directed to file a notice of voluntary dismissal by the same deadline. *Id.* As of this date, nothing further has been received from the Plaintiff, despite the warning to Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ."

Case No. 4:22cv122-AW-MAF

Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 5, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**